Per Curiam.

The clause of the agreement that “ The Company agrees to meet with the. Union early in July 1946 to discuss payment of a bonus for the first six months of 1946 ” can only mean what it says, that the parties will discuss the subject. While the contract provides for arbitration of disputes as to the “meaning, performance, non-performance or application” of its provisions, the mere assertion by a party of a meaning of a provision which is clearly contrary to the plain meaning of the words cannot make an arbitrable issue. It is for the court to determine whether the contract contains a provision for arbitration of the dispute tendered, and in the exercise of that jurisdiction the court must determine whether there is such a dispute. If the meaning of the provision of the contract sought to be arbitrated is beyond dispute, there cannot be anything to arbitrate and the contract cannot be said to provide for arbitration.
The union does not contend that a discussion was not had here. It admits that there was a discussion as to whether a bonus should be paid, but takes the position that the contract provision meant that a bonus must be paid and that all there was to discuss was the amount of the bonus to be paid. Logically, the union then contends that in the absence of an agreement between the parties as to the amount of the bonus to be paid, the arbitrator shall determine the amount. In the last analysis that is what the union seeks and is the ultimate result of accepting the union’s interpretation of the contract. The case, altogether frankly and fairly, has been presented in- its actualities rather than in any academic aspects. The union does not seek any further discussion, but the payment of a bonus under an interpretation of the contract which would require a payment rather than discussion of a payment and permit the arbitrator to order a payment in an amount to be determined by him. Unless the contract can possibly mean what the union contends for, there is no occasion for arbitration.
In the union’s view the bonus was an integral part of the wage, but clearly the parties never submitted the amount of wages to arbitration, nor did they submit the amount of a bonus to arbitration. All the bonus provision meant was that the parties would discuss the payment of a bonus. It did not mean that they had to agree on a bonus or that failing to agree an arbitrator would agree for them. Nor did it mean that a bonus must be paid and only the amount was open for discussion. So clear is this and so untenable any other interpretation that we are obliged to hold that there is no dispute as to meaning of the bonus provision and no contract to arbitrate the issue tendered.
The order appealed from should be reversed, with $20 costs and disbursements, and the motion of petitioner-respondent to compel arbitration denied and the motion of appellant for a stay of arbitration granted.